Robert L. Volz (CA Bar No: 209704)
SAAD AHMAD & ASSOCIATES
39159 Paseo Padre Parkway, Suite 307
Fremont, CA 94538
Telephone: (510) 713-9847
Fax: (510) 713-9850

Attorney for Petitioner: Mohamad Lamea Alatasi

E-filing

FILED
FEB 20 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

Mohamad Lamea Alatasi )
        Plaintiff, )
         ) Case No. CV 08 1028 CRB
v. )
 )
Michael Mukasey, Attorney General of the ) COMPLAINT FOR MANDAMUS
United States; Michael Chertoff, Secretary of the ) TO COMPEL DEFENDANTS
Department of Homeland Security; Eduardo Aguirre, ) TO COMPLETE PROCESSING
Director of United States Citizenship & Immigration ) AN APPLICATION FOR
Services; Michael Mueller, Director of the Federal ) NATURALIZATION
Bureau of Investigations; Christina Poulos, )
Acting Director of the California Service Center, ) WAC*001091670
 )
        Defendants )
_____)

The Plaintiff Mohamad Lamea Alatasi (hereinafter "Plaintiff"), by and through his undersigned counsel, hereby respectfully petitions this Honorable Court for a Writ of Mandamus to compel action on an application for naturalization for naturalization properly filed by Plaintiff. The naturalization application was filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to Plaintiff's detriment. In support of this petition, the Plaintiff alleges as follows:

**PARTIES**

1.     The Plaintiff, Alien Registration Number A 070-932-557, is a resident of San Mateo County and a naturalization applicant.

1

2. Michael Mukasey is the U.S. Attorney General, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Naturalization Act, and is further authorized to delegate such powers and authority to subordinate agency such as Federal Bureau of Investigation and subordinate employees of the Department of Justice.

3. Michael Chertoff is the Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity.

4. Christina Poulos is the Acting Director of the California Service Center, US Citizenship and Immigration Service. The California Service Center is responsible for initial processing of naturalization application filed by the Petitioner.

5. Michael Mueller is the Director of the Federal Bureau of Investigation.

6. Eduardo Aguirre is the Secretary of the United States Citizenship & Immigration Services.

## JURISDICTION

7. This is a civil action brought pursuant to 28 USC § 1331 and 1361 to redress the deprivation or rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants and those working under them to perform duties they owe to the Plaintiff.

8. Jurisdiction is also conferred by 5 USC §704. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Court. 5 USC §702.

9. Costs and attorney fees will be sought pursuant to the Equal Access to Justice Act. 5 USC §504, and 28 USC 2412(d).

## VENUE

10. Venue is the Northern District of California is proper pursuant to Title 28 USC Section 1391(e) in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. The Plaintiff has exhausted their administrative remedies. Plaintiff has made numerous inquiries concerning the status of the application to no avail.

## THE STATUTORY AND REGULATORY SCHEME OF THE NATURALIZATION PROCESS

12. Congress has created a comprehensive statutory scheme which guarantees that eligible applicants will be naturalized in a prompt and dignified fashion while guaranteeing the integrity of the naturalization process. Defendants, through their regulations, have reinforced the express desire of the Congress for a prompt but accurate naturalization process. 8 USC § 1443-1445 provide the requirements for citizenship and the means of application. 8 CFR § 335.3 provides that "the applicant shall be notified that the application has been granted or denied and, if the application has been granted, of the procedures to be followed for the administration of the oath of allegiance..." 8 USC § 1447(b) provides that if that determination is not made "before the end of the 120-day period after the date on which the examination is conducted", the applicant may apply to the United States District Court for relief.

## THE CHALLANGED PRACTICE

13. The CIS has a duty to adjudicate a naturalization application within a reasonable period of time. When there is no statutory deadline for adjudicating an application, §555(b) of the

3

Administrative Procedures Act (hereinafter "APA") requires the government to act within a reasonable amount of time. Kim v. Ashcroft, 340 F. Supp. 2d 384. (S.D.N.Y. 2004).

## FACTUAL ALLEGATIONS

14. Plaintiff is a lawful permanent resident of the United States since March 16, 1999 and a native and citizen of Syria. He is 47 years old.

15. On February 23, 2004, Plaintiff applied for naturalization with the Citizenship & Immigration Services. He had his first fingerprints taken and a naturalization interview was scheduled for May 2, 2005 at the CIS San Francisco District Office, but was cancelled by the CIS due to unforeseen circumstances. Plaintiff is still awaiting another interview date on his naturalization application. Plaintiff has made many inquires on the status of his naturalization application with the CIS District Office. Notwithstanding all these efforts, Plaintiff has not received an interview date on his naturalization application up to the present date.

## CLAIM FOR RELIEF

16. Plaintiff alleges that defendants are in violation of the Administrative Procedure Act, 5 USC section 701 et seq., (a) in that they have unlawfully withheld and unreasonably delayed agency action to which the Plaintiff is entitled to and (b) in that they have taken action that is arbitrary and capricious, an abuse of discretion and not in accordance with law, by failing to make a determination on the naturalization application of the Plaintiff at the time of the initial examination or within 120 days thereafter.

## IRREPARABLE INJURY

17. As a result of the defendants' failure to perform their duty, Plaintiff has suffered, and is suffering and will continue to suffer irreparable harm. Plaintiff has suffered grievously as a

result of the protracted and unconscionable delays. He has been deprived of the substantial and unique benefits of citizenship, including protection of the laws of the United States equal to that granted to citizens; political rights, including the right to vote; the right to obtain a United States passport; the protection of the United States government when outside the United States; freedom of movement and travel, etc. He also has been subjected to the fear and uncertainty engendered by the inability to obtain citizenship; the inability to travel and carry out necessary activities out of concern he may miss a long-delayed sworn-in ceremony, the inability to file visa petitions for immediate relatives as a United States citizen, etc.

**REQUEST FOR RELIEF**:

WHEREFORE, Plaintiff request that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action;

2. Issue a writ in the nature of mandamus, pursuant to 28 USC § 1361 and 5 USC § 706(1) compelling Defendants and their agents to make a determination of the naturalization application of the Plaintiff, to notify the Plaintiff that his application has been granted or denied, and if granted, of the procedures to be followed for the administration of the oath of allegiance, within 20 days of the issuance of such writ.

3. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 USC § 2412.

4. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

2/14/08

Attorneys for Plaintiff

Robert L. Volz
Attorney for Plaintiff

5